SOLÉ ELECTRICAL CONSTRUCTION, INC. recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, demandada.

*Número:* CI–62–15 *Resuelto:* 19 de marzo de 1963

*Manuel Cruz Horta,* abogado del recurrente; *Donald R. Dexter,* abogado del Fondo del Seguro del Estado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El obrero Miguel Santiago Ocasio, empleado de Solé Electrical Construction, Inc., murió electrocutado mientras trabajaba en una propiedad de Jorge Ramírez de Arellano sita en Villa Caparra, Bayamón. El Administrador del Fondo del Seguro del Estado declaró a Solé Electrical Construction, Inc., patrono no asegurado. En apelación la Comisión Industrial confirmó dicha decisión.

Porque en la solicitud de revisión radicada ante este Tribunal se planteaban ciertas cuestiones de derecho que prima facie ameritaban la revisión de la resolución de la Comisión, expedimos el correspondiente auto. Sin embargo, un estudio posterior del récord nos convence de que la cuestión envuelta en el recurso se limita a una cuestión de hecho que fue resuelta por la Comisión en contra del patrono y que conforme a la ley, no procede que la revisemos.

Solé Electrical Construction, Inc., tenía una póliza con el Fondo del Seguro del Estado para cubrir sus operaciones y riesgos en determinados proyectos y sitios que se especificaban en la mencionada póliza. El sitio o proyecto donde sufrió el accidente el obrero Santiago Ocasio, no era uno de los especificados en la póliza. Las operaciones o riesgos especificados en la póliza estaban sujetos, entre otras condiciones, a la siguiente: "El patrono se compromete antes de empezar a trabajar informar por carta o telegrama al Fondo del Seguro del Estado, sitio o sitios donde se van a llevar a cabo dichos trabajos, nómina estimada a invertirse, duración del trabajo y número de obreros." Surge del récord que era práctica administrativa del Fondo, considerar cubierta por una póliza de esta clase o naturaleza, las operaciones de igual índole realizadas por el patrono en otros sitios o proyectos distintos a los especificados en la póliza pero sujeto a la notificación previa que exigía la cláusula que hemos transcrito anteriormente. También demuestra el récord que el patrono daba cumplimiento a dicha cláusula o condición.

El trabajador Miguel Santiago Ocasio sufrió el accidente fatal el día 16 de mayo de 1961 a las ocho y cincuenta y cinco minutos de la mañana (8:55 A.M.). A las tres y cincuenta y cuatro minutos de la tarde (3:54 P.M.) el Fondo recibió una carta del patrono que lee así:

"A los efectos legales de nuestra 'floating policy' Serie A–No. 26115, tenemos a bien notificarles que en el día de hoy estamos enviando a la propiedad de Don Jorge Ra-

mírez de Arellano, en la Calle "J" # 3, Villa Caparra, Bayamón, tres trabajadores para hacer un cambio en la toma eléctrica de dicha residencia, trabajo que tomará tres o cuatro días, con una nómina estimada de $150.00"

Durante la vista celebrada ante la Comisión el patrono aceptó que el Fondo había recibido dicha carta y el Fondo probó que la había recibido a las 3:45 P.M., varias horas después de haber ocurrido el accidente. El patrono no presentó prueba alguna sobre la hora en que remitió dicha notificación al Fondo.

Conforme dispone el Art. 25 de la Ley de Compensaciones por Accidentes del Trabajo[1] la póliza expedida por el Fondo debe cubrir el total de operaciones del patrono. Las nuevas operaciones que no están cubiertas por la póliza original deberán ser cubiertas por notificaciones sujetas a la aprobación del Administrador o por ampliaciones de póliza. Y ya hemos visto que el Fondo ha dispuesto, al incorporarla como cláusula en la póliza, que estas notificaciones, pueden hacerse por telegramas o por carta, antes de comenzarse los trabajos.

Y la cuestión a dilucidar en este caso era si el patrono cumplió con la cláusula que exige la previa notificación para estar protegido por su póliza. En vista de la prueba presentada por las partes, la Comisión hizo la única conclusión de hecho que procedía, a saber, que la notificación de la nueva

---

[1] En su parte pertinente dicho Art. 25 dispone:

"Bajo ninguna circunstancia se extenderá una póliza que cubra solamente una parte de las operaciones de un patrono, dejando otras actividades sin asegurar. El total de operaciones del patrono deberá ser cubierto por una sola póliza; Disponiéndose, que en caso de que el patrono, al momento de formalizar la póliza, o ampliación de póliza, o al rendir su informe de jornales pagados, o declaración de nóminas, no incluyere alguna parte de sus operaciones, dejándolas en descubierto para los fines del seguro, el Administrador, no obstante, podrá en cualquier tiempo tasarle, imponerle, y cobrarle, cuotas adicionales por aquella parte de las operaciones en descubierto en la misma forma que si hubiere estado asegurado. Se extenderán las pólizas a base de la nómina total de las actividades del patrono y como resulte de sus libros de contabilidad, nóminas, registros, u otros documentos fidedignos. En caso de que el patrono no pueda

operación o proyecto fue hecha por el patrono al Fondo después de haber ocurrido el accidente al obrero fenecido. No habiendo cumplido el patrono con el requisito de la previa notificación, la actividad en que perdió la vida el obrero Manuel Santiago Ocasio no estaba cubierta por la póliza expedida al patrono de dicho obrero, y por tanto, no erró la Comisión al confirmar la decisión del Administrador del Fondo del Seguro del Estado declarándole patrono no asegurado.

*Se confirmará la decisión de la Comisión Industrial.*

presentar libros de contabilidad, nóminas, registros, u otros documentos fidedignos, el total de la nómina de pago será calculado, al extenderse la póliza o investigarse el patrono, a base de un estimado razonable de acuerdo con la importancia, naturaleza y volumen de las operaciones del patrono. Nuevas operaciones que no están cubiertas por la póliza original, deberán ser cubiertas por notificaciones sujetas a la aprobación del Administrador o por ampliaciones de pólizas." (11 L.P.R.A. sec. 26.)